**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN JAMES PETERSON,

      Petitioner-Appellant,

v.

ROBERT O. LAMPERT, Wyoming
Department of Corrections Director,
MICHAEL MURPHY, Wyoming
Department of Corrections Warden,
GABRIEL RAMIREZ, Wyoming
Department of Corrections Sergeant,
JOHN HOFFMAN, Wyoming
Department of Corrections Sergeant,
ISAAC VILLAFRANCA, Wyoming
Department of Corrections Officer,
and DEMARANED, Wyoming
Department of Corrections Officer,

      Respondents-Appellees.

No. 12-8032

(D.C. No. 2:12-CV-00082-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BALDOCK,** and **HARTZ**, Circuit Judges.[**]

A state prisoner challenging "the fact or duration of his confinement" in

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

federal court cannot use a 42 U.S.C. § 1983 action, but instead must seek federal habeas relief. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Petitioner Martin James Peterson, a state prisoner, filed a § 1983 action in the District of Wyoming. The district court construed his complaint as a petition for habeas corpus pursuant to 28 U.S.C. § 2241, reasoning that the complaint primarily challenged the duration of his confinement. The district court dismissed this civil action without prejudice because Petitioner failed to demonstrate he exhausted his state remedies. Petitioner appeals pursuant to 28 U.S.C. § 1291.[1] "We review the district court's dismissal of a § 2241 habeas petition de novo," Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010), construing Petitioner's pro se arguments liberally on appeal. Standifer v. Ledezma, 653 F.3d 1276, 1283 n.1 (10th Cir. 2011). Applying this standard, we conclude the district court properly recharacterized Petitioner's claim as brought under § 2241. Because Petitioner is in state custody proceeding pursuant to § 2241, he must obtain a certificate of appealability before we may reach the merits. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). For the reasons stated below, we deny Petitioner a certificate of appealability and dismiss the appeal.

I.

Petitioner refused a prison housing unit assignment. In response to his failure

---

[1] Because Petitioner's complaint is properly construed as a habeas petition, our jurisdiction arises under both 28 U.S.C. § 1291 and § 2253(a). Izzo v. Wiley, 620 F.3d 1257, 1258 (10th Cir. 2010).

to comply with the assignment, Respondents allegedly initiated a disciplinary process against Petitioner. Petitioner argues Respondents denied him the opportunity to have a proper disciplinary hearing in which he could present evidence that he had doctors' orders for a bottom bunk assignment. Petitioner asserts he received a conduct violation. As a penalty, instead of being released on February 14, 2012, Plaintiff states he now will be released on September 4, 2012. Petitioner also asserts Respondents denied him the opportunity to use the inmate grievance policy. In his petition, Petitioner contends Respondents' actions violated his First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. Petitioner seeks as relief: (1) release from prison; (2) removal of Respondents from office; (3) monetary damages of five million dollars for false imprisonment and wrongful incarceration; and (4) imprisonment of Respondent Ramirez as well as compensation to Petitioner for Ramirez allegedly falsifying documents. Before we can address the merits of Petitioner's claims, we must first decide whether the district court erred in construing Petitioner's complaint as a petition.

## II.

Although the language of § 1983 covers the claims of a state prisoner attacking the constitutionality of prison disciplinary proceedings that lead to the deprivation of good time credits, the Supreme Court has found "an implicit exception from § 1983's otherwise broad scope for actions that lie 'within the core of habeas corpus.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). Accordingly, a § 1983

3

action "will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." Id. (internal citations omitted). In addressing the distinction between § 1983 and § 2241, the Supreme Court has pinpointed "the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81. Read in their totality, the Supreme Court's cases in this area indicate that a "state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81–82.

Applying these principles to this case, we conclude Petitioner's claims are *not* cognizable under § 1983. Petitioner seeks an injunction ordering his immediate release and the removal of Respondents from their offices. In addition, he seeks money damages for "false imprisonment" and "wrongful[] incarceration." Success for Petitioner would mean immediate release from confinement and would necessarily imply the invalidity of his sentence. Accordingly, Petitioner's claims lie

4

at "the core of habeas corpus" and must be brought in a habeas petition.[2] <u>Preiser</u>, 411 U.S. at 489.

III.

Because we conclude the district court properly construed Petitioner's complaint as a habeas petition, Petitioner must obtain a certificate of appealability to proceed on the merits because he is in state custody. <u>See</u> <u>Montez</u>, 208 F.3d at 867. At this point, we construe Petitioner's appeal as an application for a certificate of appealability. Fed. R. App. P. 22(b)(2). Petitioner must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," as the district court did here, a petitioner is not entitled to a certificate of appealability unless he shows, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). We may exercise discretion to resolve either the procedural or the

[2] On May 24, 2012, Petitioner mailed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" to this Court. The Clerk of Court sent Petitioner a letter, informing him that this Court would not file the petition because an application for a writ of habeas corpus must be filed in the appropriate district court, not the court of appeals.

5

substantive issue first.  Id. at 485.

We chose to address the procedural issue first and conclude that reasonable jurists could not debate that the district court permissibly dismissed this case for Petitioner's failure to demonstrate exhaustion of state remedies.[3]  See Garza, 596 F.3d at 1203 ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.").

Accordingly, we DENY Petitioner's application for a certificate of appealability and DISMISS the appeal.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

_____

[3] On appeal, Petitioner filed a packet labeled "BOOK #2 Evidence/Exhibits." "Although these exhibits would be helpful to clarify [Petitioner's petition], they were not introduced in the district court.  Consequently, we cannot review them and are limited to the record below, in particular, the [petition]."  Nutter v. Ward, 173 F. App'x. 698, 699 n.2 (10th Cir. 2006) (unpublished) (citing Aero-Medical, Inc. v. United States, 23 F.3d 328, 329 n.2 (10th Cir. 1994)).