**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIKEAL GLENN STINE,

     Petitioner - Appellant,

v.

D. BERKEBILE, Warden ADX,

     Respondent - Appellee.

No. 14-1019
(D.C. No. 1:13-CV-03107-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Mikeal Stine appeals the district court's dismissal of his 28 U.S.C. § 2241

application.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Stine has a lengthy, litigious history in this circuit. He has accumulated three strikes under 28 U.S.C. § 1915(g). Stine is also subject to certain filing restrictions in the District of Colorado. See Stine v. Berkebile, No. 13-1477, 2014 U.S. App. LEXIS 2096, at *2-3 & n.2 (10th Cir. Feb. 4, 2014) (unpublished). He filed this suit, captioned as a § 2241 application, alleging that his current confinement violates the terms of his sentencing orders. The district court stated that the application was an attempt to circumvent previously imposed filing restrictions, and noted that further restrictions had been imposed on Stine with respect to putative § 2241 claims. However, because the latter set of restrictions was imposed after the present application had been filed, the court addressed Stine's claim. It dismissed Stine's application because the alleged sentencing restrictions are not included in the documents he referenced.

We have reviewed the documents to which Stine cites in his application. See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of filings in related cases); Prager v. LaFaver, 180 F.3d 1185, 1189 (10th Cir. 1999) (court may consider documents referred to in a complaint that are central to the claim). Despite Stine's conclusory assertions to the contrary, the alleged limitations are not present.

We **AFFIRM** the district court's dismissal of Stine's application. Because Stine has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support

of the issues raised on appeal," <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge