**FILED**
**United States Court of Appeals**
**Tenth Circuit**

PUBLISH

**August 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

STEVEN STANDIFER,

   Petitioner-Appellant,

v.

H.A. LEDEZMA, Warden,

   Respondent-Appellee.

No. 11-6025

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 5:10-CV-00463-HE)**

---

*Submitted on the briefs*[*]:

Steven Standifer, El Reno, Oklahoma, Pro Se Petitioner-Appellant.

Sandford C. Coats, United States Attorney, and Suzanne Mitchell and R.D. Evans, Jr., Assistant United States Attorneys, Oklahoma City, Oklahoma for Respondent-Appellee.

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

 [*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Steve Standifer, a federal prisoner proceeding *pro se*,[1] challenges a Bureau of Prisons (BOP) regulation that denies him eligibility to participate in its Residential Drug Abuse Program (RDAP). He is ineligible for the program because his last-reported date of drug use was more than three years before his arrest on federal charges. Standifer contends the BOP's policy requiring that it consider only his substance-abuse history for the 12 months preceding his arrest is based on an unreasonable interpretation of authorizing statutes. This claim fails because the BOP's eligibility requirement is based on a reasonable interpretation of the governing provisions, 18 U.S.C. §§ 3621(b) and (e)(1). Standifer's assertion that the BOP was deliberately indifferent to his medical needs is similarly unavailing.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we AFFIRM the district court's denial of Standifer's petition for a writ of habeas corpus.[2] We also DENY his motion to proceed *in forma pauperis*.

## I. Background

In 2005, Standifer was imprisoned in Oklahoma state prison for distributing and cultivating marijuana. Almost two years later, while serving this sentence, Standifer was indicted on federal charges for possessing marijuana with intent to

---

[1] Because Standifer is proceeding *pro se*, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] We grant Standifer's motion to file a reply brief out of time.

distribute, in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty and was sentenced to 60 months' imprisonment in a federal penitentiary. He is currently serving his federal sentence.

While in federal prison, Standifer sought admission to RDAP, the BOP's residential drug-treatment program. The BOP found, however, that Standifer did not meet the RDAP enrollment criteria because he did not have a documented incident of drug abuse within a 12-month period preceding his arrest. *See* BOP Program Statement 5330.11 § 2.5.8(d)(2). Standifer concedes he last used drugs in January 2004—more than three years before his arrest on federal charges (and more than a year before his arrest on state charges).

In May 2010, Standifer filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing the 12-month-period eligibility criterion exceeded the BOP's statutory authority, under 5 U.S.C. § 706(2)(C) of the Administrative Procedure Act (APA). The district court referred the matter to a magistrate judge, who issued a well reasoned Report and Recommendation concluding Standifer's claims lacked merit. For substantially the same reasons as set forth in the Report and Recommendation, the district court dismissed Standifer's petition and granted the BOP's motion for summary judgment.

## II. Discussion

On appeal, Standifer contends (1) in denying him eligibility to participate in RDAP, the BOP exceeded its statutory authority, and (2) the BOP's refusal to

admit him into RDAP was deliberately indifferent to his medical needs. In habeas proceedings under § 2241, we review legal questions de novo and factual findings for clear error. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

### A.    *Reasonableness of RDAP Eligibility Requirement*

RDAP spawned from 18 U.S.C. § 3621(b), which directed the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Under BOP regulations, to be eligible for RDAP, an inmate must have a verifiable, documented drug abuse problem that occurred within 12 months of his arrest. 28 C.F.R. § 550.53(b)(1) (explaining that "a verifiable substance abuse disorder" is a prerequisite to enrollment in RDAP); BOP Program Statement 5330.11 § 2.5.8(d)(2) (BOP may verify an inmate's substance abuse disorder by consulting "[d]ocumentation to support a substance use disorder within the 12-month period before the inmate's arrest on his or her current offense"). The BOP has discretion to grant early release of up to one year to inmates who successfully complete RDAP. § 3621(e)(2)(B). Because the BOP's 12-month-window requirement is codified in a program statement rather than formal regulation, we must give the language "some deference" if it involves a "permissible construction of the statute." *Reno v. Koray*, 515 U.S. 50, 61 (1995) (quotation omitted); *see also United States v. Mead Corp.*, 533 U.S. 218, 220 (2001) ("[A]n

-4-

agency's interpretation may merit some deference whatever its form, given the specialized experience and broader investigations and information available to the agency and given the value of uniformity in its administration and judicial understandings of what a national law requires.")

Standifer concedes he did not have a verifiable substance abuse disorder within one year of his arrest. He told the district court that in 2003, he "stopped using all substances on his own volition," and that after a January 2004 relapse, he successfully completed an Oklahoma Department of Corrections rehabilitation program. Standifer has been drug free ever since. Given these facts, Standifer does not dispute he was ineligible for RDAP under BOP regulations. Rather, he argues the BOP exceeded statutory authority, under the APA, when it conditioned participation in RDAP on an inmate having a documented drug-abuse problem within 12 months of his arrest.[3] This argument is unavailing.

---

[3] To the extent Standifer challenges only the BOP's decision regarding his eligibility for RDAP participation, his argument is expressly foreclosed by 18 U.S.C. § 3625, which prohibits judicial review under the APA of RDAP placement decisions. As the Ninth Circuit has held, "[t]o find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011); *see also Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000) ("Because the Administrative Procedure Act does not apply to § 3621, we may not review whether the BOP erred in [the petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority . . . ."). Because Standifer is proceeding *pro se*, however, we construe his argument liberally as a challenge to the reasonableness of the BOP's 12-month-period eligibility requirement. This claim is not statutorily barred. Although § 3625

(continued...)

The BOP's 12-month-period eligibility requirement for participation in RDAP accords with authorizing statutes.  Pursuant to statute, RDAP is open only to prisoners who "*have* a substance abuse problem."  § 3621(e)(5)(B) (emphasis added).  The word "have" is in the present tense; the statute does not require the BOP to offer any treatment for inmates who suffered from drug abuse in the past.  *See United States v. Wilson*, 503 U.S. 329, 333 (1992) ("Congress' use of a verb tense is significant in construing statutes.").  This language reflects Congress's intention that RDAP be made available only to prisoners with *current* drug-abuse problems.  Accordingly, the BOP's interpretation—which limits RDAP to inmates with current or recent drug-abuse problems—is reasonable, infringes no constitutional right, and merits deference.  *See, e.g.*, *Mora-Meraz v. Thomas*, 601 F.3d 933, 942–43 (9th Cir. 2010) (holding the BOP's 12-month eligibility requirement was a reasonable interpretation of the statute); *Laws v. Barron*, 348 F. Supp. 2d 795, 805–06 (E.D. Ky. 2004) ("[C]ommon sense would dictate that entry into [RDAP] would be restricted to those prisoners having a recent history of abuse, rather than one who can demonstrate that he had a substance abuse problem 4 to 9 years prior to arrest and 7 to 12 years prior to incarceration.").

---

[3](...continued)
"may preclude us from reviewing the BOP's substantive decision in [Standifer's] case, it does not prevent us from interpreting the statute to determine whether the BOP exceeded its statutory authority."  *Fristoe v. Thompson*, 144 F.3d 627, 630–31 (10th Cir. 1998); *see also Jordan v. Wiley*, 411 F. App'x 201, 213 (10th Cir. 2011).

Standifer's reliance on *Wilson v. Kastner*, 385 F. App'x 855 (10th Cir. 2010) (unpublished), is misplaced. Wilson was a federal inmate who developed a drug abuse problem while incarcerated. *Id.* at 858. Under an uncodified BOP practice, Wilson was ineligible for RDAP because he did not have any documented drug abuse problem in the 12 months preceding his arrest (as opposed to during his incarceration). *Id.* at 862–83. We overturned the BOP's eligibility decision because § 3621(e)(5)(B) "refers to a current, not a past, substance abuse problem and the BOP's policies must be directed at identifying those prisoners with a *current* substance abuse problem." *Id.* at 862 (emphasis added). We held, "[i]f the twelve-month policy is reasonable when applied to exclude inmates who lack evidence of recent substance abuse, it should not exclude inmates who have evidence of recent abuse merely because that substance abuse occurred during a period of incarceration." *Id.* at 863. *Wilson* is not binding precedent, and it is distinguishable. Standifer's case is categorically different: there is simply no suggestion that Standifer had a current drug-abuse problem—either while imprisoned or in the twelve months preceding his arrest.

Finally, to the extent Standifer raises a due process claim resulting in his exclusion from RDAP, it also fails. A prisoner has no constitutional right to participate in RDAP, *see Reeb v. Thomas*, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011), and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP, *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th

Cir. 1998) (stating that § 3621(e)(2)(B) "allows a decisionmaker to deny the requested relief within its unfettered discretion [and] does not create a constitutionally-recognized liberty interest").

Because the BOP's 12-month-period eligibility requirement is a reasonable implementation of Congress's mandate, we defer to the BOP's rule and deny Standifer's claim.

## B.    Deliberate Indifference to Medical Needs

Second, Standifer contends the BOP's refusal to admit him into RDAP was deliberately indifferent to his medical needs. We need not address this claim. It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—not through federal habeas proceedings. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [] attacks the conditions of the prisoner's confinement . . . ." (quotation omitted)); *see also Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Even if we were to consider this claim,

Standifer has made no showing that the conditions of confinement deprived him of "the minimal civilized measure of life's necessities," *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that prison officials acted with deliberate indifference in rectifying those conditions, *see Wilson v. Seiter*, 501 U.S. 294, 303–04 (1991).

### III.  Conclusion

For the reasons stated above, we AFFIRM the district court's denial of Standifer's petition for a writ of habeas corpus.  Further, because Standifer has failed to identify a non-frivolous argument on appeal, we DENY his request to proceed *in forma pauperis*.  *See McIntosh*, 115 F.3d at 812–13.