FILED
United States Court of Appeals
Tenth Circuit

May 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID PAYNE,

>  Petitioner - Appellant,

> v.

CLYDE MAYE; BRENDA BENSON,
Doctor, and JOHN LOFTNESS,

>  Respondents - Appellees.

No. 13-3034
(D. of Kan.)
(D.C. No. 5:12-CV-03232-RDR)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit
Judges.[**]

David Payne is a federal prisoner at the Leavenworth, Kansas facility. He

filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, attacking the

execution of his sentence. He alleges he was wrongfully denied entry into the

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

prison's Residential Drug Abuse Program (RDAP), the successful completion of which may have made him eligible for early release.

To pursue a § 2241 petition, a prisoner must demonstrate he has exhausted all administrative remedies. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). And before filing a petition, the prisoner must first attempt to resolve his concern informally, followed by administrative grievances at the institutional, regional, and national levels of the Bureau of Prisons (BOP). *See* 28 C.F.R. §§ 542.13–.18. Noting that Payne's national level appeal was denied as untimely, the district court denied his petition on the grounds that Payne failed to exhaust his administrative remedies.

Payne now appeals the district court's judgment. He contends the district court erred by deeming his claim unexhausted because the prison staff impeded his efforts to make timely filings. We review the district court's denial of a § 2241 petition de novo. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Like the district court, we first consider whether Payne exhausted his administrative remedies. *Garza*, 596 F.3d at 1203.

It appears Payne first sought entry into RDAP in 2011. When he was not admitted, he filed a Request for Administrative Remedy with the warden. The warden denied Payne's request. Payne then filed a Regional Administrative Remedy Appeal on November 22, 2011. The BOP Regional Director affirmed the warden's denial on December 5, 2011, explaining that Payne had not established

-2-

his eligibility for the program through documentation of past drug use. Payne then obtained documentation showing that, on April 17, 2007, he completed a substance abuse treatment program through the Missouri Department of Corrections, and, on March 1, 2012, submitted this documentation in support of a new Request for Administrative Remedy to the warden. On April 4, 2012, the warden denied this new request as well, explaining that admission into the program required evidence of drug use in the 12 months prior to his arrest—a requirement Payne did not satisfy because he was arrested on December 17, 2008, over a year after he completed his prior substance abuse program.

At that point, as the warden's denial explained, Payne's next step in the administrative grievance system was to file a regional appeal within twenty calendar days, *i.e.*, by April 24. The record contains no evidence he took this step. Instead, a June 14, 2012 notice from the BOP Central Office acknowledges receipt of an appeal on May 29, 2012, and informs Payne that his appeal is untimely. It repeats the requirement that an appeal must first be filed at the regional level. The notice also advises Payne to submit a letter to the Regional Office from the prison staff explaining the reason for his untimely filing and why he was not at fault. Nothing in the record suggests Payne followed this advice.

Payne contends that, in fact, he did file a regional appeal prior to his national appeal, but the former was denied as untimely as well—due to delay in the prison staff's delivery of the mail and responses at each stage. He also

contends the prison staff would not provide him with the letterhead necessary to make his regional appeal timely (following the rejection at the national level). We do not have the benefit of the government's response on whether the prison staff hindered Payne in the administrative appeal process, so we cannot conclude whether Payne did in fact exhaust his administrative remedies.

Yet even if we did conclude that Payne exhausted his administrative remedies, his claims would fail on the merits. Payne's second Request for Administrative Remedy was denied on the ground that he did not demonstrate drug use within the twelve months prior to his arrest. We have previously upheld the twelve-month "eligibility requirement for participation in RDAP" as "accord[ing] with authorizing statutes." *Standifer v. Ledezma*, 653 F.3d 1276, 1279 (10th Cir. 2011). Payne does not dispute that he failed to meet the requirement. Rather, he contends that other prisoners have gained admission to the program without having to prove they met the twelve-month requirement. In this way, Payne claims he was denied due process and equal protection.

The due process claim fails because a "prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP." *Id.* at 1280 (internal citations omitted). And the equal protection claim fails because Payne has not alleged that he was denied access to RDAP either (1) because of his membership in a protected class or (2) because the prison staff bore some malice toward him.

-4-

*See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215–16 (equal protection claim available based on membership in suspect class or based on "class-of-one" if individual targeted in "irrational [or] abusive" manner).

In particular, on the "class-of-one" theory, Payne cannot prevail because he has not shown that "others similarly situated in all material respects were treated differently and that there is no objectively reasonable basis for the defendant's action." *Id.* at 1217 (citation and internal quotation marks omitted). For example, Payne has not alleged that prisoners admitted to RDAP had not used drugs while incarcerated, which would have made documentation of drug use prior to arrest unnecessary. Nor has he given any other specific allegations about the personal circumstances of the other prisoners to demonstrate they were similarly situated to himself. As it is, the record demonstrates the prison staff objectively applied a preexisting policy to Payne. Finally, Payne does not dispute that prison staff had an independent reason to deny him entry into RDAP—*i.e.*, "pending charges and an active detainer that preclude you from Residential Reentry Center placement." App. 6.

In sum, Payne cannot prevail on the merits of his claims. Accordingly, we AFFIRM the district court's judgment.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

-5-