**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMY PINSON,

      Petitioner - Appellant,

v.

DAVID BERKEBILE,

      Respondent - Appellee.

No. 13-1505
(D.C. No. 1:13-CV-02821-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

---

Jeremy Pinson appeals from the district court's denial of his habeas petition under

28 U.S.C. § 2241 and dismissal of his case.  Mr. Pinson seeks to proceed *in forma*

*pauperis* ("*ifp*").

---

    *After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Mr. Pinson's petition and dismissal of his case. We deny Mr. Pinson's motion to proceed *ifp*.

## I. BACKGROUND

Mr. Pinson is imprisoned at the United States Penitentiary Administrative Maximum Prison ("ADMAX") in Colorado based on his convictions for making false statements, threatening a juror, and mailing threatening communications. Mr. Pinson is subject to sanctions under the three strikes provision of the Prison Litigation Reform Act ("PLRA"), which requires him to fully pre-pay any filing fees before filing a civil action or appealing from a decision therein, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Mr. Pinson recently filed a pro se[1] habeas petition under § 2241 without prepaying his filing fee. In his petition, Mr. Pinson challenged the prison's use of Special Administrative Measures ("SAMs") that restrict his mail and telephone privileges, including limits on whom he may contact and what he can communicate. *See* 28 C.F.R. §§ 501.3, 540.18. He requested an injunction to prevent David Berkebile, ADMAX's warden, from imposing these SAMs.

The district court denied the habeas petition and dismissed the case. The district court interpreted Mr. Pinson's § 2241 petition as a challenge to his conditions of

---

[1] We therefore construe his petition liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

confinement, which is generally not cognizable in a federal habeas corpus action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). The district court therefore held that Mr. Pinson's habeas challenge was improperly styled and should be construed as a civil suit seeking an injunction against a federal official. Accordingly, the district court reasoned that Mr. Pinson's § 2241 petition was an "attempt[] to circumvent his filing restrictions" and dismissed his case. ROA at 16.

Mr. Pinson now appeals the district court's order.

## II. **DISCUSSION**

When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and its factual findings for clear error. *Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011).

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A proper § 2241 petition challenges "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)). Indeed, "'[i]t is well-settled law that prisoners who wish

to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.'" *Palma-Salazar*, 677 F.3d at 1035 (omissions in original) (quoting *Standifer*, 653 F.3d at 1280).

Thus, to state a claim under § 2241, a petitioner must challenge the fact or duration—and not the conditions—of confinement. Further, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted).

On appeal, Mr. Pinson contends the district court erred by recharacterizing his case as a challenge to prison conditions, and not a challenge to the execution of his sentence.[2] He urges this court to vacate, remand, and appoint counsel to represent him in the district court.[3]

---

[2] He cites non-binding precedent allowing challenges to prison conditions under § 2241. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (stating that the Second Circuit has interpreted § 2241 to allow challenges to various matters, including "prison conditions" (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *Yousef v. United States*, No. 1:12-cv-2585-RPM, 2013 U.S. Dist. LEXIS 73912, at *1-3 (D. Colo. May 23, 2013) (allowing an ADMAX prisoner to use § 2241 to attack the same SAMs challenged by Mr. Pinson). Mr. Pinson's reliance on non-binding precedent is unpersuasive in light of contrary prevailing Tenth Circuit authority. *See Palma-Salazar*, 677 F.3d at 1035; *Standifer*, 653 F.3d at 1280.

Mr. Pinson also contends that other circuits have allowed prisoners to use one action to assert both a claim for § 2241 habeas relief as well as a claim for injunctive

The district court correctly determined that Mr. Pinson's claims challenged his prison conditions. Mr. Pinson's petition focuses on how the SAMs restrict his communications. His petition does not allege that he should be immediately released or that Warden Berkebile or any other prison official has impermissibly increased the duration of his sentence. The petition asks only that Warden Berkebile be enjoined from imposing the SAMs on Mr. Pinson. Thus, even liberally construing Mr. Pinson's claims, he has failed to allege a valid factual basis for a § 2241 petition because he complains about prison conditions. Accordingly, we agree with the district court that Mr. Pinson's suit is properly characterized as a civil suit for an injunction against a federal official for a constitutional violation.[4] The district court correctly denied the petition and dismissed the case.

---

relief against a federal official. *See Lee v. Winston*, 717 F.2d 888, 893 & n.4 (4th Cir. 1983). Mr. Pinson's argument is unpersuasive. Not only is *Lee* not binding on this court, but Mr. Pinson mischaracterizes the case. *See id.* at 892 (interpreting a pro se state prisoner's habeas petition as a claim for injunctive relief against a state official under 42 U.S.C. § 1983, and stating that the petition was "not . . . properly cognizable in the alternative or in parallel under the habeas statute, 28 U.S.C. § 2254").

[3] Because we affirm the district court's decision, we deny these requests.

[4] Prisoners may sue federal officials in their individual capacity for damages related to constitutional violations. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971); *Carlson v. Green*, 446 U.S. 14, 18-19 (1980). Prisoners may also seek injunctive relief against federal officials in their official capacity. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-34, 1236 (10th Cir. 2005). Jurisdiction would be based on 28 U.S.C. § 1331 and the court's equity jurisdiction. *Id.* at 1230-31.

Because Mr. Pinson is subject to the three strikes provision of the PLRA, and because his underlying petition is properly characterized as a civil suit subject to the PLRA, Mr. Pinson must pay the district court filing fee as well as the appellate filing fee, effective immediately. We deny Mr. Pinson's motion to proceed *ifp* because he is subject to the three strikes provision and has not alleged he is at risk of suffering a serious physical injury in the immediate future. *See* 28 U.S.C. § 1915(g).

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of the petition and dismissal of the case, and we deny Mr. Pinson's request to proceed *ifp*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge