FILED
United States Court of Appeals
Tenth Circuit

June 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC ADAMS,

       Plaintiff - Appellant,

v.

D. BERKEBILE, Warden,

       Defendant - Appellee.

No. 13-1471
(D.C. No. 1:13-CV-02001-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Eric Adams filed a § 2241 habeas petition in the district court, claiming

he was denied due process in connection with a prison disciplinary proceeding and that,

as a result, he was improperly "placed[] on a 'bag meal'" for five days. (R. at 14

(capitalization standardized).) As relief, he requested he be given extra meals for five

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

days or, alternatively, that he be given thirty honey buns (two for each meal) over a period of five days. The magistrate judge held that the complaint should have been filed as a *Bivens* action, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than as a § 2241 action, since Plaintiff was challenging the conditions of his confinement and not the fact or duration of his federal custody. The magistrate judge accordingly directed Plaintiff to file his claims on a court-approved prisoner complaint form and to either pay the remaining balance of his filing fee or to submit a motion for leave to proceed *in forma pauperis*. However, Plaintiff chose not to do so, instead maintaining that his claims were cognizable under § 2241. The district court rejected this argument and dismissed the action without prejudice based on Plaintiff's failure to comply with the magistrate judge's order. This appeal followed.

On appeal, Plaintiff contends he should have been permitted to proceed under § 2241 because a challenge to the conditions of confinement is a type of challenge to the execution of a sentence, which falls under the scope of § 2241. He argues that claims such as his may be cognizable under both *Bivens* and § 2241, citing for support to language in older Tenth Circuit and Supreme Court cases. However, those cases did not resolve the question before us on appeal, and binding circuit precedent now forecloses Plaintiff's argument. It is well-settled in this circuit that a challenge to the fact or duration of custody must be brought in a habeas petition, while "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also Standifer v.*

*Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

The district court correctly held that Plaintiff's claim needed to be brought in a civil rights complaint, not a § 2241 habeas action. Because Plaintiff failed to comply with the magistrate judge's order to file his complaint on the correct form and to pay the applicable filing fee, we see no error in the district court's decision to dismiss the action without prejudice. We accordingly affirm the district court's decision.

Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g), since he has accumulated more than three strikes in prior cases. Because this case was properly construed as a civil rights matter, and because Plaintiff has not attempted to suggest that the statute's "imminent danger" exception applies, Plaintiff is not entitled to proceed *in forma pauperis* in this matter. Plaintiff must accordingly pay the district filing fee as well as the appellate filing fee, effective immediately.

The district court's decision is **AFFIRMED**. Plaintiff's motion to proceed *in forma pauperis* on appeal is **DENIED.**

Entered for the Court


Monroe G. McKay
Circuit Judge