**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDREW GONZALES,

      Petitioner - Appellant,

v.

JOSEPH GARCIA and GARY KING,

      Respondents - Appellees.

No. 14-2014
(D.C. No. 1:13-CV-00616-LH-KBM)
(D. of N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

Andrew Gonzales filed a *pro se*[1] petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his seventh conviction in New Mexico for driving under the influence of alcohol. Gonzales was discharged from his sentence before the district court ruled on the petition. The district court subsequently dismissed his petition as moot because Gonzales was no longer in custody and there was no possibility of collateral consequences arising from the challenged conviction.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gonzales is proceeding *pro se*, we construe his filings liberally. *Standifer v. Ledezma*, 653 F.3d 1276, 1277 (10th Cir. 2011).

Gonzales sought a certificate of appealability (COA), challenging the denial of his habeas petition.

We granted the COA, noting that reasonable jurists could find the district court erred in denying the petition on mootness grounds. Although a habeas petitioner who has been discharged from his sentence must demonstrate continuing collateral consequences for the case to remain justiciable, a felony conviction carries a presumption of collateral consequences. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The district court erred because the court did not apply the presumption of collateral consequences arising from Gonzales's conviction and mistakenly assumed that the only relevant collateral consequences derived from the New Mexico DWI statute, N.M. Stat. § 66-08-102, under which Gonzales was convicted.

We asked the state to respond. The state now acknowledges that the district court erred in denying Gonzales's petition on mootness grounds for substantially the same reasons we articulated in the order granting a COA.

This matter is remanded to the district court with instructions to VACATE the dismissal of Gonzales's habeas petition and reconsider the petition in light of the state's concession.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge