**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEO GENE BLOOMFIELD, JR.,

     Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS HONOR FARM
WARDEN RUBY ZEIGLER; WYOMING
DEPARTMENT OF CORRECTIONS
HONOR FARM ASSOCIATE WARDEN
ANTHONY CHARLES THORNTON;
WYOMING DEPARTMENT OF
CORRECTIONS HONOR FARM
CAPTAIN CARRIE CARUTHERS;
WYOMING DEPARTMENT OF
CORRECTIONS HONOR FARM
SERGEANT SARAH COUNTRYMAN;
WYOMING DEPARTMENT OF
CORRECTIONS HONOR FARM
SERGEANT KOSKI; WYOMING
DEPARTMENT OF CORRECTIONS
HONOR FARM BOARD MEMBER
BARB HALL; WYOMING
DEPARTMENT OF CORRECTIONS
HONOR FARM BOARD MEMBER
RACHEL PIERSON; CORIZON
HEALTH CARE SERVICES, INC
EMPLOYEE CHARLES JUNKIN;
CORIZON HEALTH, INC.; WYOMING
ATTORNEY GENERAL; WYOMING
DEPARTMENT OF CORRECTIONS;
WYOMING DEPARTMENT OF
CORRECTIONS HONOR FARM,

     Respondents - Appellees.
_____

No. 19-8001
(D.C. No. 2:18-CV-00166-SWS)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.

_____

Leo Bloomfield Jr., a Wyoming state prisoner proceeding pro se, seeks a certificate of appealability (COA) so he can appeal the district court's order denying his motion for habeas relief.[1] For the reasons discussed below, we deny Bloomfield's COA request and dismiss the appeal.

## Background

When the events relevant to Bloomfield's habeas petition transpired, he was incarcerated at the Wyoming Department of Corrections Honor Farm (WHF). While there, Bloomfield allegedly threatened a supervisor. As a result, WHF officials initiated disciplinary proceedings against him. During the pendency of those proceedings, WHF housed Bloomfield in a segregated holding cell; at their culmination, a disciplinary-hearing officer found Bloomfield guilty of violating the Code of Inmate Discipline (the Code). The disciplinary-hearing board then affirmed that ruling on appeal.

In response, Bloomfield filed what he characterized as a petition seeking relief under 28 U.S.C. § 2254. In that petition, Bloomfield alleged that (1) the segregated

_____

* This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Bloomfield proceeds pro se, we liberally construe his filings. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015). But we won't act as his advocate. *See id.*

holding cell contained a hole into which its previous occupants had both urinated and defecated; (2) despite these unsanitary conditions, WHF deprived him of cleaning supplies; (3) WHF provided him with only cold or below room-temperature meals; (4) WHF officials made improper comments to him while he was housed in the holding cell; (5) WHF interfered with his ability to prepare for his disciplinary hearing by denying him access to the law library and legal materials; (6) a mental-health professional improperly determined he was competent to participate in the disciplinary hearings despite Bloomfield's use of prescription medications—medications that, according to Bloomfield, "[d]iminished" his "[c]apacity" to participate, R. vol. 1, 13; (7) there was insufficient evidence to support the hearing officer's finding that he violated the Code; (8) certain individual defendants deprived him of fair and impartial disciplinary proceedings; (9) certain individual defendants denied him compulsory process; (10) certain individual defendants conspired against him in an effort to obtain a finding that he violated the Code; and (11) certain individual defendants violated his right to due process.

The district court denied relief. In doing so, it first concluded that to the extent Bloomfield sought to challenge the conditions of his confinement, his lack of access to legal materials, and the inadequacy of his mental healthcare, he should bring those claims under 42 U.S.C. § 1983, rather than § 2254. Thus, the district court dismissed these claims without prejudice.

Next, the district court construed Bloomfield's remaining claims as attempts to obtain relief under 28 U.S.C. § 2241, reasoning that to the extent those claims arise

3

from Bloomfield's disciplinary hearing and subsequent appeal, they constitute challenges to the *execution* of his sentence, rather than its validity. And the district court further noted that to prevail under § 2241, Bloomfield had to show he was in custody in violation of the Constitution. The district court then indicated that the only potential remaining constitutional violations Bloomfield purported to identify were due-process violations arising from (1) the alleged insufficiency of the evidence supporting a finding that he violated the Code; (2) the alleged bias of the disciplinary-hearing officers; and (3) the allegedly retaliatory motives of the disciplinary-hearing officers. Finally, the district court determined that none of these allegations gave rise to a plausible due-process claim, concluded that allowing Bloomfield to amend his petition would be futile, and dismissed Bloomfield's due-process claims with prejudice. It also denied him a COA.

**Analysis**

Bloomfield now seeks to appeal the district court's order. To do so, he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *cf. Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that state prisoner must obtain COA before appealing order rejecting "challenges related to the incidents and circumstances of any detention pursuant to state[-]court process under § 2241").

When a district court rejects a petitioner's "constitutional claims on the merits," we will grant a COA if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a district court

4

instead denies relief "on procedural grounds without reaching the prisoner's underlying constitutional claim," the petitioner must meet a more onerous burden: he or she must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Here, the district court dismissed several of Bloomfield's claims on procedural grounds without reaching their merits; it concluded that § 1983, rather than § 2254, provided the appropriate vehicle for advancing those claims. Bloomfield suggests this was error, insisting these claims constitute challenges to "the validity of [his] sentence" and therefore fall within § 2254's ambit. Aplt. Br. 8; *cf. Montez*, 208 F.3d at 865 (noting that petitioner who seeks to challenge validity of his or her conviction or sentence should do so under § 2254).

But as the district court noted, these claims challenged (1) the allegedly unsanitary conditions of the holding cell and the defendants' alleged failure to provide cleaning supplies and hot meals; (2) Bloomfield's alleged lack of reasonable access to legal resources while in confinement; and (3) Bloomfield's alleged lack of access to appropriate health care while in confinement. Notably, Bloomfield provides neither argument nor authority that might indicate these claims implicate the validity of his conviction or sentence. *Cf.* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's opening brief to contain "appellant's contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies"). And we see no

5

indication that they do. Accordingly, because Bloomfield fails to demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we decline to grant Bloomfield a COA to pursue these claims on appeal. *Slack*, 529 U.S. at 478; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (holding that to extent petitioner sought to challenge conditions of confinement—such as allegedly inadequate access to medical care—petitioner was required to do under § 1983, rather than "through federal habeas proceedings").

That leaves Bloomfield's due-process claims, which the district court rejected on the merits. In challenging this aspect of the district court's ruling, Bloomfield again asserts the district court misconstrued his claims. Specifically, he asserts that the district court erred in construing his petition as a § 2241 petition, rather than a § 2254 petition.

But the test for obtaining a COA remains the same, regardless of whether a petitioner seeks to appeal an order denying a § 2241 petition or an order denying a § 2254 petition. *See* § 2253(c)(2); *Montez*, 208 F.3d at 869. Accordingly, even assuming the district court made a procedural error in concluding that Bloomfield's due-process claims arise under § 2241, Bloomfield isn't entitled to a COA to pursue those claims on appeal unless he can *also* demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of" his right to due process. *Slack*, 529 U.S. at 484.

Here, the district concluded that Bloomfield's due-process claims failed on their merits because (1) there was at least "some evidence" to support the

6

disciplinary-hearing officer's finding that Bloomfield violated the code, R. vol. 1, 55

(quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985));

(2) Bloomfield failed to "offer[] any reason [to] conclude that any decisionmaker in

his disciplinary proceeding or subsequent appeal was biased," *id.* at 56; and

(3) Bloomfield failed to "satisfy the standard for retaliation," *id.* Notably, Bloomfield

makes no effort to impugn any of these conclusions.[2] Thus, he necessarily fails to

show that reasonable jurists would find them debatable or wrong. Accordingly, we

decline to grant him a COA to pursue his due-process claims. *See Slack*, 529 U.S. at

484.

## Conclusion

For the reasons discussed above, we deny Bloomfield's COA request and

dismiss this case. As a final matter, because Bloomfield fails to demonstrate the

existence of a reasoned, nonfrivolous argument on appeal, we also deny his motion to

---

[2] Instead, Bloomfield raises a litany of arguments that appear to challenge (1) certain *state-court* rulings and (2) certain *district-court* rulings that resolved matters other than Bloomfield's self-captioned § 2254 petition. But because Bloomfield failed to raise any of the former arguments in district court, we decline to address them. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). And because the latter arguments address neither the merits of Bloomfield's due-process claims nor the district court's reasons for rejecting them, these arguments cannot and do not "demonstrate that reasonable jurists would find the district court's assessment of" Bloomfield's due-process claims "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, because these arguments are irrelevant to the threshold *Slack* inquiry, we decline to address their merits as well. *Cf. Williams v. Jones*, 571 F.3d 1086, 1088 (10th Cir. 2009) (noting that "a COA is a jurisdictional prerequisite to a decision on the merits").

proceed in forma pauperis. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Nancy L. Moritz
Circuit Judge