CLD-017                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2370
_____

MALIK HANNA DABABNEH,
Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:18-cv-00217)
Magistrate Judge:  Honorable Cynthia Reed Eddy (by consent)
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2019
Before: JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: October 23, 2019)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Malik Hanna Dababneh appeals pro se from an order of the United States District Court for the Western District of Pennsylvania denying his habeas petition.[1] For the following reasons, we will summarily affirm.

In October 2018, Dababneh, a federal prisoner, filed a habeas petition in the District Court pursuant to 28 U.S.C. § 2241.[2] He alleged that the Bureau of Prisons ("BOP") wrongfully expelled him from FCI-McKean's Residential Drug Abuse Program ("RDAP"), the completion of which would have rendered him eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). The District Court concluded that review of the BOP's decision to expel Dababneh from the RDAP is not available under the Administrative Procedure Act (APA). 18 U.S.C. § 3625. Although the District Court determined that it could still review colorable constitutional questions, it held that there was no merit to Dababneh's claim that the BOP violated his due process rights or retaliated against him. Dababneh appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's order.[3] See Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018).

---

[1] The parties consented to proceed before a Magistrate Judge. See 28 U.S.C. § 636(c)(1).

[2] Because the BOP's decision to expel Dababneh from the RDAP potentially affected the length of his sentence, he properly brought his claim under § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Gardner v. Grandolsky, 585 F.3d 786, 788 (3d Cir. 2009).

[3] Dababneh does not need to obtain a certificate of appealability to proceed with this

Pursuant to 18 U.S.C. § 3621(b), the BOP is directed to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To this end, the Bureau must provide residential substance abuse treatment to eligible prisoners. 18 U.S.C. § 3621(e)(1). The BOP has discretion to determine which prisoners are eligible to participate in the RDAP, 18 U.S.C. § 3621(e)(5)(B), and even to grant or deny eligible prisoners sentence reductions upon successful completion of the program, 18 U.S.C. § 3621(e)(2)(B). Participants who successfully complete a treatment program may have their sentences reduced by up to one year. 18 U.S.C. § 3621(e)(2)(B). The BOP has established regulations governing eligibility for participation in the RDAP. See 28 C.F.R. § 550.53.

We may consider challenges to the BOP's interpretation of those regulations. See Gardner, 585 F.3d at 788 (stating that jurisdiction existed to address petitioner's claim that BOP regulation, which categorically excluded felons whose offense involved possession of a firearm from eligibility for a sentence reduction under the RDAP, violated the APA). Notably, though, Congress has expressly foreclosed judicial review of the BOP's individual RDAP placement decisions. Specifically, 18 U.S.C. § 3625 provides that the judicial review provisions of the APA do not apply to "any determination, decision, or order" made pursuant to, inter alia, 18 U.S.C. §§ 3621. Thus,

appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

3

because "[t]he BOP's substantive decisions to remove particular inmates from the RDAP … are … not subject to judicial review[,]" the District Court properly held that it was foreclosed from considering Dababneh's challenge to the BOP's decision to expel him from the program. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); see also Standifer v. Ledezma, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011) ("To the extent Standifer challenges only the BOP's decision regarding his eligibility for RDAP participation, his argument is expressly foreclosed by 18 U.S.C. § 3625, which prohibits judicial review under the APA of RDAP placement decisions.").

Nevertheless, as the District Court explained, even where judicial review under the APA is specifically excluded by statute, judicial review remains available for allegations that BOP action violates the United States Constitution, see Webster v. Doe, 486 U.S. 592, 603-04 (1988), or is contrary to established federal law, see Neal v. United States, 516 U.S. 284, 295 (1996). Dababneh did not claim that the BOP's decision was contrary to established law, but he did assert that his expulsion from the RDAP violated his right to due process, infringed on his equal protection rights, and was made in retaliation for his criticism of the management style of the RDAP's coordinators. These claims lack merit.

First, Dababneh's due process claim fails because a prisoner has no protectable liberty interest in participating in the RDAP, or, for that matter, early release following completion of that program. See Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) (stating that § 3621(e)(2)(B) "allows a decisionmaker to deny the requested relief

4

within its unfettered discretion [and] does not create a constitutionally-recognized liberty interest"); see also Stephany v. Wagner, 835 F.2d 497, 500-01 (3d Cir. 1987) (noting that a rule creates a protectable interest only when it constrains the decisionmaker's discretion). Citing Block v. Potter, 631 F.2d 233 (3d Cir. 1980), Dababneh also alleged that the BOP's discretion to expel him from the RDAP is limited by his right to substantive due process. In Block, we held that "all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons[,]" including "frivolous criteria with no rational relationship to the purpose of parole[.]" 631 F.2d at 234 & 236 n.2. Even assuming, doubtfully, that prisoners have a similar interest in RDAP participation, Dababneh has not alleged that his expulsion was so arbitrary, frivolous, or without a rational relationship to valid penal concerns that Block would be implicated.

Second, Dababneh suggested that "his history as a physician" caused the BOP to hold "him to a higher standard than the other inmates." Although Dababneh may proceed under a class-of-one equal protection theory, his bare, conclusory allegation that he was discriminated against due to his status as a physician is insufficient. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (explaining that an equal protection claim brought by a "class of one" requires the plaintiff to sufficiently allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); Renchenski v. Williams, 622 F.3d 315, 338 (3d Cir. 2010) (holding that "mere conclusory allegations" could not

5

support equal protection claim). Dababneh also suggests that he would have been able to remain in the RDAP if the BOP had properly treated his depression. But he did not allege that the BOP treats depressed RDAP participants more harshly than others or, for that matter, that he was treated worse than other depressed RDAP participants. See Reeb, 636 F.3d at 1228 n.4 (stating that inmate who brought an equal protection claim based on expulsion from RDAP did "not present any facts demonstrating that he was treated differently from others who were similarly situated to him").

Finally, assuming that Dababneh can meet his burden to show that his exercise of a constitutional right was a substantial or motivating factor in the decision to expel him from the RDAP, the "quantum of evidence" of Dababneh's conduct established that the BOP acted within the bounds of its discretion in expelling him from the RDAP. See Watson v. Rozum, 834 F.3d 417, 425 (3d Cir. 2016). RDAP regulations provide that "[i]nmates may be removed from the program by the Drug Abuse Program Coordinator because of disruptive behavior related to the program or unsatisfactory progress in treatment." 28 C.F.R. § 550.53(g)(1). Here, the BOP submitted prison records documenting the behavior and infractions that led to Dababneh's expulsion from the RDAP. Most notably, after spending over a year in the program, Dababneh reported that he had used controlled substances on two occasions. Although he stated that he came forward because a peer had convinced him to do so, he also admitted that he had been picked to give a urine sample and feared that it would test positive for drugs. In addition, Dababneh failed to report that he had been fired from his warehouse job six weeks

6

earlier.  Furthermore, Dababneh received written warnings for, inter alia, displaying a pattern of disregard for the rules, a sense of entitlement, a lack of responsibility, and a failure to put an action-based plan in place to correct his behavior.  Given the BOP's broad discretion over individualized decisions regarding RDAP participation, we conclude that Dababneh's pattern of non-compliance with RDAP rules – especially his initially-undisclosed drug use and his failure to report his firing – was "so clear and overt that we cannot say that the … action taken against [him] was retaliatory."  Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

Because the petition was properly denied and no substantial question is presented by this appeal, we will grant the Appellee's motion for summary affirmance.  See Third Circuit LAR 27.4 and I.O.P. 10.6.