ALD-097                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2108
_____

DEMARCUS L. CHAMBERS,
                                                    Appellant

v.

WARDEN LEWISBURG USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1:19-cv-02067)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 18, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 29, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

DeMarcus Chambers pleaded guilty to two federal offenses: Hobbs Act robbery, for which he received a sentence of 96 months; and using or carrying a gun during a "crime of violence," for which he received a mandatory minimum sentence of 84 months because the gun was "brandished." 18 U.S.C. § 924(c)(1)(A)(ii). According to the criminal judgment entered by the district court, the sentences were to run consecutively and would be followed by three years of supervised release. The judgment included recommendations that, while incarcerated, Chambers obtain his GED and participate in intensive drug treatment. See United States v. Chambers, DC No. 2:08-cr-20262-01, dkt #46 (redacted) (W.D. Tenn. Aug. 7, 2009).

The Bureau of Prisons (BOP) maintains that Chambers's projected release date is May 30, 2022. Chambers argues that he is eligible for an earlier release. To challenge the release date and other aspects of his sentence purportedly bearing on its execution, Chambers filed multiple petitions under 28 U.S.C. § 2241 for a writ of habeas corpus.

The petition at issue here was filed in the United States District Court for the Western District of Tennessee, where Chambers was sentenced. That court transferred the petition to the United States District Court for the Middle District of Pennsylvania (the District Court) on the basis that Chambers was then confined at USP Lewisburg in Pennsylvania, the warden of which was added as the respondent (the Warden).

2

In his petition, Chambers raised four claims: (1) the sentences for his convictions should not have been aggregated for purposes of calculating a projected release date; (2) the BOP should have awarded Chambers extra good-time credit (GTC), per the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018); (3) the BOP disallowed too much GTC because of disciplinary issues; and (4) the BOP should place him in a halfway-house and/or Residential Drug and Alcohol Program (RDAP).[1]

The District Court denied relief. It first rejected Chambers's claim about the aggregation of his sentences, relying on 18 U.S.C. § 3584(c). The District Court next rejected Chambers's GTC-related claims. The District Court observed that the BOP correctly calculated GTC eligibility consistent with the First Step Act: 15 (duration of sentence in years) x 54 (obtainable GTCs each year under 18 U.S.C. § 3624(b)(1), as clarified by the First Step Act) = 810 (total GTCs Chambers could be eligible to receive). And it agreed with the BOP that 415 days' worth of GTC was properly disallowed because of Chambers's unsatisfactory progress toward earning his GED, in conjunction with his multiple disciplinary infractions. Finally, the District Court rejected as premature Chambers's claim regarding placement in a halfway house, and it rejected on jurisdictional grounds Chambers's request to be placed in an RDAP.

Chambers appealed. On appeal, the Warden moved for summary affirmance of the District Court's judgment.

---

[1] Chambers raised some of these same claims in the habeas petition currently pending in

Chambers does not need a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Reese, 904 F.3d at 246.

The District Court committed no error in denying Chambers's habeas petition. In particular, the District Court properly rejected on statutory grounds Chambers's sentence-aggregation claim. The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes, such as—at issue here—calculating GTC under 18 U.S.C. § 3624. See 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment"); see also United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (explaining that the "administrative purposes" referenced in § 3584(c) are described in, "among other provisions, 18 U.S.C. § 3585, which authorizes the BOP to provide inmates with credit towards their sentence for various reasons, including for time spent in detention prior to commencement of the sentence").

In addition, the District Court properly rejected on jurisdictional grounds Chambers's request for placement in an RDAP. A challenge to the execution of one's sentence, under § 2241, requires allegations that the BOP's conduct is inconsistent with a command or recommendation in the judgment. Cardona v. Bledsoe, 681 F.3d 533, 537

---

Chambers v. USP Lewisburg Warden, DC No. 2:19-cv-02027 (W.D. Tenn.).

(3d Cir. 2012). While the criminal judgment here included a recommendation that Chambers obtain intensive drug treatment while incarcerated, it did not recommend that he participate in a specific program, and there is no evidence in the record indicating that the BOP has blocked Chambers from receiving treatment.[2] Furthermore, the BOP has discretion to determine which prisoners are eligible to participate in an RDAP, see 18 U.S.C. § 3621(e)(5)(B), and the Administrative Procedures Act prohibits judicial review of RDAP-placement decisions. See Standifer v. Ledezma, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011); see also 18 U.S.C. § 3625; Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011). The District Court thus did not err in disposing of Chambers's RDAP claim.

The District Court, moreover, properly rejected as premature Chambers's claim that he should serve out the final months of his sentence in a community setting. Under the Second Chance Act of 2007, Pub. L. No. 110–199, 122 Stat. 657 (2008), the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624. The District Court correctly observed that the BOP had not yet evaluated Chambers for community

---

[2] Even assuming, arguendo, that there were some discrepancy between the sentencing court's recommendation and the BOP's conduct, no habeas claim would arise. Cf. Cardona, 681 F.3d at 537 n.7. Entry into the RDAP would not guarantee less time served for Chambers, so his claim that he is being denied entry to the program improperly is not cognizable under § 2241. See Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002).

5

placement. And it correctly observed that, per BOP policy, no evaluation would occur until 17-19 months prior to Chambers's projected release date. While the time for an evaluation has since arrived, the District Court committed no error by applying the facts before it at the time of its decision.

Finally, we agree with the District Court's rejection of Chambers's GTC-related claims. Based on the record before it, the District Court properly accepted the BOP's assessment of the GTCs that Chambers earned and lost. We discern no violation of the First Step Act with respect to GTC computation.

For those reasons, we affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The Warden's motion for summary affirmance is denied as unnecessary.