**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRADLEY C. KESSMAN,

     Petitioner - Appellant,

v.

JUSTIN E. SMITH, L.C.S.O.
Administration; PHIL WISER, the
Attorney General of the State of
Colorado, and nine other Does;
ROBERTS, Loveland Police Dept.,

     Respondents - Appellees.

No. 22-1214
(D.C. No. 1:22-CV-00914-LTB-GPG)
(D. Colo.)

_____

**ORDER**
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

This appeal involves a habeas action. A habeas action is appropriate

when a state prisoner challenges the fact or duration of confinement.

*Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). When a state prisoner

challenge the conditions of confinement, however, the appropriate action is

a civil suit under 42 U.S.C. § 1983. *Standifer v. Ledezma*, 653 F.3d 1276,

1280 (10th Cir. 2011).

The difference can be significant. For example, the two actions entail

different filing fees, parties, and remedies. *See Pischke v. Litscher*, 178

F.3d 497, 500 (7th Cir. 1999) (filing fees); *Moore v. Pemberton*, 110 F.3d

22, 23 (7th Cir. 1997) (parties); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (remedies);

Mr. Bradley Kessman is a state prisoner. But he's not challenging the fact or duration of his confinement; he's instead seeking money from correctional officers to compensate him for the conditions of his confinement. So the district court dismissed the action without prejudice to Mr. Kessman's opportunity to bring a civil suit.

## Certificate of Appealability

Mr. Kessman wants to appeal. To do so, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). The district court denied the certificate. We can grant the certificate of appealability only if the "district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In our view, the district court's ruling was not reasonably debatable. If Mr. Kessman proves his claims, he might be entitled to money damages but not a writ of habeas corpus.

Even if habeas relief were appropriate, though, the named defendants couldn't carry out the writ. A writ of habeas corpus involves release, so the only proper respondent would have been the custodian. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (release); *Bango*

2

*v. Thornburg*, 942 F.2d 1487, 1491–92 (10th Cir. 1991) (proper respondent). The defendants here aren't custodians; they're correctional officials who had allegedly subjected Mr. Kessman to improper conditions of confinement.

Because the allegations and parties didn't fit a habeas action, the district court ordered Mr. Kessman to amend his pleadings. He tried, but he didn't fix the defects. So the district court dismissed the action without prejudice. Mr. Kessman's appellate arguments don't address the availability of habeas relief for the alleged wrongdoing. So we deny Mr. Kessman's request for a certificate of appealability. In the absence of a certificate, we dismiss the case.

### Motion for Relief and Motion to Address Caselaw

Mr. Kessman not only sought a certificate of appealability but also filed three documents entitled "Motion for Relief for All (8) Claims $8.8 Million," "Motion for Address Case Law/Seek Relief from Damages," and "Motion to adhere to all evidence in this case & the other cases mentioned in the motion," and "Motion to Appoint Counsel & Seek Relief for Damages Sustained ($8.8) Million." In these documents, Mr. Kessman apparently seeks a monetary award. But we aren't authorized to grant monetary relief. So we deny these motions.

## Appointment of Counsel

Mr. Kessman also seeks appointment of appellate counsel. In habeas appeals, we can appoint counsel in the interest of justice. 18 U.S.C. § 3006A(a) (2)(B). But appointment of counsel would serve little purpose here because an attorney couldn't help Mr. Kessman shoehorn his allegations into a habeas action. So we decline to appoint counsel for Mr. Kessman.

## Leave to Proceed in Forma Pauperis

Mr. Kessman also seeks leave to proceed in forma pauperis. Because Mr. Kessman can't afford the filing fee, we grant leave to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1).

Entered for the Court


Robert E. Bacharach
Circuit Judge