FILED
United States Court of Appeals
Tenth Circuit

February 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TROY LAWRENCE, SR.,

      Petitioner - Appellant,

v.

JOHN C. OLIVER,

      Respondent - Appellee.

No. 14-1353
(D.C. No. 1:14-CV-01648-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

Troy Lawrence, Sr., a federal inmate appearing pro se,[1] appeals the district court's

denial of his habeas petition under 28 U.S.C. § 2241 and his motion to alter or amend the

---

[*]After examining Mr. Lawrence's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Lawrence is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

judgment under Federal Rule of Civil Procedure 59(e).[2]  Mr. Lawrence seeks to proceed

*in forma pauperis* ("*ifp*").

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court and

dismiss Mr. Lawrence's petition.  Because Mr. Lawrence's petition should be dismissed

on jurisdictional grounds and the district court dismissed it with prejudice, we remand to

the district court to enter dismissal without prejudice.  We grant Mr. Lawrence's motion

to proceed *ifp*.

## I.  BACKGROUND

Mr. Lawrence is serving a life sentence without the possibility of parole at the

United States Penitentiary Administrative Maximum Prison ("ADMAX") in Florence,

---

[2] Mr. Oliver claims we lack jurisdiction to review the district court's denial of Mr. Lawrence's Rule 59(e) motion because (1) Mr. Lawrence's notice of appeal was filed before he filed his Rule 59(e) motion, and (2) Mr. Lawrence did not file a second notice of appeal after the district court denied the motion on September 23, 2014.  Aplee. Br. at 2, 6.  But on November 7, 2014, within 60 days of the district court's order denying his Rule 59(e) motion, Mr. Lawrence filed his opening brief in this appeal and specifically challenged the denial of his Rule 59(e) motion.  *See* Fed. R. App. P. 4(a)(1)(B)(iii) (providing a 60-day time period for filing a notice of appeal if the United States, a United States agency, or a United States officer or employee is a party to the lawsuit); Aplt. Br. at 2-4.  Mr. Lawrence's opening brief can be considered the "functional equivalent" of a notice of appeal from the order denying his Rule 59(e) motion because it provides the notice required by Federal Rule of Appellate Procedure 3(c)(1).  *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.").  Under Rule 3(c)(1), a notice of appeal must "specify the party or parties taking the appeal . . . ; designate the judgment, order, or part thereof being appealed; and . . . name the court to which the appeal is taken."  Fed. R. App. P. 3(c)(1).  Mr. Lawrence's brief meets all of these requirements.  We therefore have jurisdiction to review the Rule 59(e) motion.

Colorado. Mr. Lawrence was previously incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").

On March 25, 2013, guards found a cellphone in Mr. Lawrence's locker at USP-Pollock. After a disciplinary hearing on May 1, 2013, which Mr. Lawrence did not attend, the disciplinary hearing officer ("DHO") found Mr. Lawrence committed the prohibited act of "Possession, Manufacture, Introduction, or Loss of a Hazardous Tool." ROA, Vol. I at 18. Mr. Lawrence's sanction was 30 days of disciplinary segregation and loss of 180 days of email and telephone privileges.

On June 26, 2013, the Bureau of Prisons ("BOP") held a hearing on whether Mr. Lawrence should be transferred to the Special Management Unit ("SMU"). Mr. Lawrence appeared by videoconference. The hearing administrator found Mr. Lawrence qualified for placement in the SMU because his possession of a cellphone "threatened the security and safety of staff and inmates at USP Pollock." *Id.* at 22. Mr. Lawrence was transferred to the SMU.

Based on these disciplinary actions, Mr. Lawrence filed a habeas petition under § 2241 in the Western District of Louisiana. The Western District of Louisiana transferred the petition to the District of Colorado because Mr. Lawrence was incarcerated at ADMAX when he filed his petition. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined.").

In his petition, Mr. Lawrence claimed the disciplinary measures taken against him,

-3-

including placement in the SMU, violated his due process rights because he was denied the opportunity to attend the initial disciplinary hearing. He requested the court to order the BOP to expunge his record of the incident report and return him to the general population.

The district court denied Mr. Lawrence's petition, concluding Mr. Lawrence's claims are not cognizable in a § 2241 petition because the punishment imposed did "not inevitably affect the duration of [Mr. Lawrence's] sentence." *Id.* at 102. Rather, the court concluded Mr. Lawrence's petition merely challenged his conditions of confinement and therefore should be brought in a civil rights action.[3] The court dismissed his case with prejudice.

Mr. Lawrence timely filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), arguing the district court "overlooked important aspects" of his claim and failed to construe his petition liberally. ROA, Vol. II at 124. Specifically, he argued the court denied him the opportunity before the district court to show his placement in the SMU is an "atypical and significant hardship," the DHO abused his

---

[3] The court also concluded, even if it construed Mr. Lawrence's petition as a civil rights action challenging his conditions of confinement, Mr. Lawrence's loss of privileges, placement in disciplinary segregation, and placement in the SMU did not implicate a valid liberty interest. ROA, Vol. I at 103-04. Because we hold a federal court lacks jurisdiction to consider Mr. Lawrence's § 2241 petition, we do not address the merits of his civil rights action.

discretion in not sanctioning him with loss of good conduct time,[4] and the disciplinary actions affected his sentence because they preclude his eligibility for the Presidential Clemency Program. ROA, Vol. II at 124-30. He further argued, because of the disciplinary actions against him, he will be subject to a harsher punishment if he commits another violation. The district court denied the motion, concluding Mr. Lawrence's arguments either were adequately addressed in the court's order denying his habeas petition, were legally frivolous or too speculative, or were new arguments inappropriately raised in a motion for reconsideration.

Mr. Lawrence now appeals the district court's denial of his habeas petition and Rule 59(e) motion. He contends the district court erred in concluding he was challenging only the conditions of his confinement and not the duration of his sentence. He argues the court did not give him an adequate opportunity to show cause why the court has jurisdiction. Specifically, he asserts the disciplinary actions prevent him from obtaining a shorter sentence through the Presidential Clemency Program and cause collateral consequences, such as harsher punishments for future disciplinary violations. He urges this court to vacate the judgment and remand to the district court.

## II. **DISCUSSION**

When a district court has denied a habeas petition under 28 U.S.C. § 2241, we

---

[4] On appeal, Mr. Lawrence does not assert the DHO abused its discretion in failing to sanction him with loss of good time credit. This argument is therefore forfeited and will not be considered. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

review the court's legal conclusions de novo and its factual findings for clear error. *Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011).

A § 2241 petition "attacks the execution of a sentence rather than its validity." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted). A proper § 2241 petition concerns "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)). "'It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.'" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (omissions in original) (quoting *Standifer*, 653 F.3d at 1280). Thus, to state a claim under § 2241, a petitioner must challenge the fact or duration—and not the conditions—of confinement.

The district court correctly determined Mr. Lawrence challenged his prison conditions. Mr. Lawrence's petition addresses his placement in the SMU and loss of phone and email privileges. He does not allege he should be immediately released or that any prison official has impermissibly increased the duration of his sentence. His petition seeks only the expungement of the incident from his record and a return to general population. Even under a liberal construction of Mr. Lawrence's claims, he has failed to

allege a valid basis for a § 2241 petition. We therefore agree with the district court that Mr. Lawrence's recourse should be a civil rights suit.[5]

The district court also did not abuse its discretion in denying Mr. Lawrence's Rule 59(e) motion. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("We review a district court's denial of a Fed. R. Civ. P. 59(e) motion for reconsideration under an abuse of discretion standard."). "A Rule 59(e) motion . . . should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (quotations omitted). The district court correctly determined Mr. Lawrence's arguments in his Rule 59(e) motion were either adequately addressed in its order denying his petition or were new arguments improperly raised for the first time in a Rule 59(e) motion.

Even if we could address Mr. Lawrence's new arguments, they fail to support a § 2241 petition. First, Mr. Lawrence's argument that the disciplinary actions affect his ability to apply for clemency is far too speculative for habeas relief. Clemency is discretionary, and Mr. Lawrence does not assert he should receive such relief. Second, Mr. Lawrence does not explain how the potential for future punishment will affect the fact or duration of his sentence as opposed to his conditions of confinement.

---

[5] Prisoners may sue federal officers in their individual capacity for damages related to a constitutional violation. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 338, 395-97 (1971). Prisoners may also seek injunctive relief against federal officials in their official capacity. *See Ex Parte Young*, 209 U.S. 123, 151-56 (1908); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-33 (10th Cir. 2005).

The district court correctly denied Mr. Lawrence's petition and dismissed for lack of jurisdiction. The district court dismissed the petition with prejudice, but dismissals based on lack of jurisdiction should be entered without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[O]ur prior, long-standing line of cases require[s] that a dismissal for lack of jurisdiction be without prejudice."). Accordingly, we remand to the district court to amend the judgment and enter dismissal without prejudice. We grant Mr. Lawrence's request to proceed *ifp*.

## III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Lawrence's petition for lack of jurisdiction. We remand to the district court to enter a judgment of dismissal without prejudice. Mr. Lawrence's request to proceed *ifp* is granted.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-8-